In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased. LEWIS LUCKENBACH et al., Appellants; EDGAR F. LUCKENBACH, JR., et al., Respondents.— Motion referred to the court that rendered the decision of March 5, 1951. Present — Carswell, Acting P. J., Adel, Wenzel and MacCrate, JJ.; Johnston, J., not voting. Motion for further reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Carswell, Acting P. J., Sneed, Wenzel and MacCrate, JJ.; Johnston, J., not voting. [See *ante*, pp. 114, 700.]

■

STEPHEN KLENOTIC et al., Respondents, v. BYRON V. BRUSH et al., Appellants.— Motion referred to the court that rendered the decision. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ. Motion for reargument denied, without costs. Present — Carswell, Acting P. J., Johnston, Sneed, Wenzel and MacCrate, JJ. [See *ante*, p. 772.]

■

MARJEM PASQUIER, Respondent, v. PAUL PASQUIER, Appellant.— Motion for leave to appeal to the Appellate Division granted. Motion for stay denied, without costs. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

■

REBECCA SWIDLER et al., Appellants, v. KNOCKLONG CORP. et al., Respondents. — Motion referred to the court that rendered the decision. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ. Motion for reargument denied, with $10 costs. Motion for leave to appeal to the Court of Appeals denied. Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ. [See *ante*, p. 788.]

■

DAVID ALPERT et al., Doing Business as Z. ALPERT & SONS, Appellants, v. ADMIRATION KNITWEAR CO., INC., Respondent.— Petitioners appeal from an order denying their application that an alleged controversy between the parties proceed to arbitration in accordance with the terms of a contract for the sale of merchandise by the respondent to the petitioners. Order reversed, with $10 costs and disbursements, and the application granted, without costs. Although the terms of the contract permitted the seller to require payment in advance of delivery under certain stated circumstances and to terminate the contract upon the buyers' failure to pay any amount due under the contract, and it is the respondent's claim that the contract was cancelled in accordance with these stated terms, the questions of respondent's right to cancel the contract, and the time and circumstances of its exercise in this case, are controversies, within the contract provisions, " arising out of or relating to " the contract which " shall be settled by arbitration." (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76.) Johnston, Wenzel and MacCrate, JJ., concur; Carswell, Acting P. J., and Adel, J., dissent and vote to affirm.